**No. 26-4844**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

---

***DAKOTA DELANCE***
***Plaintiff/Appellant,***

***v.***

***UNION HOME MORTGAGE CORP., a Ohio Corporation; SN SERVICING CORPORATION, an Alaskan Corporation; U.S. BANK TRUST, N.A., AS TRUSTEE FOR LB-DWELLING SERIES VI TRUST, a trust entity,***

***Defendants / Appellees***

---

# OPENING BRIEF

---

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA**

**The Honorable Gloria Navarro, Judge**

---

**Andrew A. Bao, Esq.**
**Nevada Bar No. 10508**
**Andrew Bao & Associates**
**8020 S. Rainbow Blvd, Suite 100-163**
**Las Vegas, Nevada 89139**
**Telephone: (725) 204-9579**
**Email: abao@abao.law**

***Attorneys for Plaintiff/Appellant***
***DAKOTA DELANCE***

## FRAP 26-1 DISCLOSURE STATEMENT

Appellant is an individual and per FRAP 26-1. A disclosure statement is not required.

DATED: October 13, 2026 ANDREW BAO & ASSOCIATES

By:/s/ *Andrew A. Bao*

Andrew A. Bao, Esq.
Nevada Bar No. 10508
8020 S. Rainbow Blvd., 100-163
Las Vegas, NV. 89139
Attorneys for Appellant

# I. TABLE OF CONTENTS

Page

II. FRCP RULE 26.1 DISCLOSURE STATEMENT ...................... i

III. JURISDICTIONAL STATEMENT ........................................... 1

STATEMENT OF THE ISSUES............................................................ 1

FACTUAL AND PROCEDURAL BACKGROUND ........................... 1

A. Summary of Facts ..................................................................... 1

B. Procedural Background ............................................................ 5

SUMMARY OF ARGUMENT ............................................................. 6

IV. LEGAL ARGUMENT..................................................................... 8

A. Standard of Review ........................................................... 8

B. An Implied in Fact Contract Exists to Support the Breach of Contract and Breach of Implied Covenant of God Faith and Fair Dealing Claims........................................................... 8

C. Negligent Misrepresentation is Sufficiently Pled............. 11

D. A Contract Does not Need to Exist to Assert a Claim for Promissory Estoppel........................................................... 12

E. Leave to Amend Should Be Granted 14

CONCLUSION ...................................................................................... 15

CERTIFICATE OF COMPLIANCE..................................................... 16

CERTIFICATE OF SERVICE .............................................................. 17

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Certified Fire Prot. Inc. v. Precision Constr., Inc.*,
128 Nev 371, 379, 283 P.3d 250, 256 (Nev. 2012) ................................ 9

*Cundiff v. Dollar Loan Center,*
726 F. Supp 2d 1232 (D. of Nev. 2010) ................................................ 11

*Lalli v. Bank of America, N.A.,*
2014 WL 334810 (D. Nev. 2014) .......................................................... 12-13

*Steckman v. Hart Brewing, Inc.*,
143 F.3d 1293, 1298 (9th Cir.1998) ..................................................... 14

*Stoner v. Santa Clara County Office of Educ.,*
502 F. 3d 1116, 1120 (9th Cir. 2007). .................................................. 8

**Statutes** **Page(s)**

28 U.S.C. §1332 .................................................................................. 1
28 U.S.C. §1367 .................................................................................. 1

**Rules** **Page(s)**

Circuit Rules

Rule 28-2 ............................................................................................ 1

Federal Rules of Appellate Procedure

Rule 3 .................................................................................................. 1
Rule 4 .................................................................................................. 1

Rule 28 ................................................................................................ 1

Federal Rules of Civil Proceduree

Rule 12(b)(6) ....................................................................................... 7,8

## JURISDICTIONAL STATEMENT

Pursuant to FRAP 28 and Circuit Rule 28-2, the statutory basis for subject matter jurisdiction is 28 U.S.C. §1332 and §1367(a). This appeal is taken from a district court's granting of motions to dismiss with prejudice in favor of Appellees and disposing of all claims between the parties. On July 17, 2026, the district court clerk entered an Order dismissing the case.

On July 28, 2026, Appellant timely filed the Notice of Appeal pursuant to FRAP 3(c) and 4(a)(1).

## STATEMENT OF THE ISSUES

Whether the district court correctly granted the Appellees' Motion to Dismiss all claims in Appellant's First Amended Complaint ("FAC") with prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. Summary of Facts

Appellant is the title owner of real property commonly known as 4701 E. Savoy Blvd., Pahrump, NV 89061, Assessor's Parcel Number 045-293-10 ("Property") since September 2020. Appellant's Excerpts to Record, Volumes 1-3 ("ER") 2-ER-206-207. To finance the purchase, Appellant obtained a construction mortgage from Defendant Union Home Mortgage ("UHM"), consisting of a

promissory note and deed of trust for a principal balance of $348,000.00 ("Note" and "Deed of Trust"). 2-ER-208-209, 219-246.

In December 2021, the Construction Conversion Modification Agreement was recorded to convert the terms of the Note and Deed of Trust to reflect the completion of the construction for the Property. 2-ER 208, 247-252. The Note, Deed of Trust, Construction Conversion Modification Agreement are hereby attached hereto referred to as "Loan."

In January 2024, Appellant began experiencing financial difficulties and UHM offered Appellant a forbearance agreement. Appellant accepted. In late summer 2024 or fall 2024, UHM then offered Appellant a loan modification agreement. In order to qualify for the modification, UHM instructs Appellant to make three (3) trial payments. Appellant makes all three trial payments and in December 2024, UHM informs Appellant in writing that he qualifies for a modification. 2-ER 208-209.

Despite advising in December 2024 that UHM was "running the final numbers" for the modification, for 6-7 weeks UHM takes no action despite Appellant's attempts to ascertain the status of the modification. 2-ER-209.

In late January 2025, UHM then advises Appellant that there is a new servicer of the Loan as of February 18, 2025. UHM advises Appellant in writing that "the new servicer will honor your modification and get the modification

documents prepared." 2-ER 209.

Between February and March 2026, UHM continues to oscillate as to whether UHM is the servicer or if there is a new servicer. UHM does not provide Appellant the identity of the new servicer so that Appellant can contact the new servicer to verify. As Appellant grows more and more confused, in late March 2025, UHM again advises that the modification would be honored without identifying who the servicer is and when the modification will be provided. 2-ER-209.

Thereafter, UHM sends a modification to Appellant, with UHM listed as the lender on the modification rather than the "new servicer" as of February 18, 2025. 2-ER-253-270. Appellant is uncertain if this modification is valid given it still remains unclear who is the servicer of the Loan, he cannot obtain a straight answer from UHM and it is unclear what month the Loan is owed for. 2-ER-209-210.

When UHM finally does provide the permanent modification in early April 2025, it contains different terms than what was previously stated. 2-ER-210.

Regardless and despite this ongoing confusion, Appellant performs the modification in mid April 2025 by making a payment pursuant to this modification to UHM. 2-ER-211.

Upon receiving this payment, UHM then commits two additional errors. First, upon receiving this payment under the permanent modification, UHM credits

the payment to the wrong month (March 2025 instead of February 2025 or sooner) but still requests that Appellant sign the permanent modification. 2-ER-211. Second, before Appellant can sign the modification, UHM service releases the Loan to Defendant SN Servicing in May 2025, more than three (3) months after UHM first advised Appellant of the servicing transfer. 2-ER-211.

Instead of this "new servicer" honoring Appellant's modification and preparing modification documents (as stated by UHM to Appellant on several occasions), SN Servicing, as the new servicer, denies the modification exists and instead demands $43,409.49 from Appellant when Appellant's monthly mortgage payment on the Loan has always been around $2,000.00. 2-ER211-212.

Despite attempting, for months, to thereafter resolve this issue with SN Servicing, it continues to assert that a modification did not exist. More egregiously, Defendant SN Servicing recorded a Notice of Default on December 15, 2025, claiming that Appellant owes all payments on the Loan since January 2024. This is despite the fact that UHM accepted 3 trial payments in late 2024 (to qualify Appellant for a loan modification) and a modification payment in April 2025, all of which Appellant paid well after January 2024. 2-ER-212.

At a time uncertain, U.S. Bank became the owner of the Loan and is currently the owner of the Loan. 2-ER-212.

In April 2026, Defendant SN Servicing began sending persons to the

Property to conduct "property preservation" checks despite knowing that Appellant and his family were still residing in the Property. This puts Appellant and his family in further fear that the Property can be sold while this dispute remains ongoing. 2-ER-119.

As of July 7, 2026, Defendant SN Servicing recorded a Notice of Sale and posted it on Appellant's front door. 2-ER-119.

**B. Procedural Background**

On January 26, 2026, Appellant filed the underlying district court action. 3-ER-274-327. On January 28, 2026, the operative pleading, the First Amended Complaint was filed. 2-ER-206-270. Appellees filed separate motions to dismiss in February 2026 and April 2026. Both motions were fully briefed. 2-ER-124-205.

While the motions to dismiss were pending, SN Servicing recorded a Notice of Sale on July 7, 2026. 2-ER-037-039. On July 10, 2026, Appellant filed an Emergency Motion for injunctive relief to halt the foreclosure sale. The Emergency Motion was fully briefed. 2-ER-015-123.

On July 17, 2026, the district court entered its order granting the Appellees' Motions to Dismiss as to all claims, denying the emergency TRO and closing the case. 1-ER-1-13. This appeal follows. 3-ER-328-332.

## SUMMARY OF ARGUMENT

During the Great Recession and its aftermath, this Court has decided many lawsuits where borrowers file suit against servicers for loan modification discussions that never materialize. Here, the FAC allegations assert facts that far exceed the typical failed loan modification negotiations. Here, there was a meeting of the minds and exchange of consideration to form an enforceable contract to modify the Loan. As a result of actions by Appellees herein, the contract was repudiated.

As detailed herein, Appellant qualified for a loan modification in December 2024 after making 3 trial payments. As of February 2025, UHM informed Appellant that the servicing of the Loan would be transferred. For three months this transfer never occurred. UHM would, on the one hand, demand Appellant take action to finalize the loan modification. Then UHM, in the same breath, would claim they are not the servicer and the new servicer would handle the modifications.

Furthermore, although no loan modification agreement was signed, Appellant *performed* the modification agreement by making a payment on the modification in mid-April 2025. This payment was separate and apart from the trial payments to qualify for a permanent modification. This payment was made pursuant to the permanent modification that UHM offered to plaintiff dated March

2025. After receiving this payment, UHM applies the payment to the wrong month and yet insists that Appellant still sign a modification. Considering UHM previously misrepresented to Appellant that the Loan was being service transferred in February 2025 and then applying the payments incorrectly, Appellant hesitated in signing the modification agreement.

Within a day or so of UHM receiving the payment, UHM sent Appellant a notice dated April 16, 2026, that the Loan was being service released to SN Servicing beginning May 2025. This is approximately (3) months after February 2025 when UHM informed Appellant the servicing would be transferred. SN Servicing them immediately disavowed that any modification was offered and claimed all loan amounts due and owing since January 2024. As set forth in the record, Appellant initiated loan modification negotiations in December 2024-May 2025. SN Servicing therefore did not even account or credit Appellant for payments made from December 2024 moving forward.

Based on these facts, Appellant respectfully submits that the First Amended Complaint should not have been dismissed with prejudice pursuant to FRCP 12(b)(6). As to the breach of contract and contractual claim for breach of implied covenant of good faith and fair dealing, the FAC pled an implied in fact contract existed based on the conduct of the parties. As to the negligent misrepresentation claims, the FAC alleges misrepresentations not only for future performance but

also for several other misrepresentations that caused major interruptions in the parties' ability to finalize a loan modification. As for promissory estoppel (pled in the alternative), the FAC alleges facts to demonstrate UHM made a clear promise to Appellant and caused Appellant to detrimentally rely on said promise.

SN Servicing, as the successor servicer to UHM, is equally liable for any of the claims asserted herein based on UHM's conduct.

Thus, this case is distinguishable from the multitude of other failed loan modification cases that have preceded it.

For the reasons asserted herein, Appellant should be given an opportunity prove its case on the merits. The preliminary dismissal of all claims with prejudice pursuant to 12(b)(6) motions should be reversed and remanded.

## LEGAL ARGUMENT

### A. Standard of Review

This Court reviews a FRCP 12(b)(6) dismissal for failure to state a claim *de novo*. All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff." *Stoner v. Santa Clara County Office of Educ.,* 502 F. 3d 1116, 1120 (9th Cir. 2007).

### B. An Implied in Fact Contract Exists to Support the Breach of Contract and Breach of Implied Covenant of God Faith and Fair Dealing Claims

The Order concludes that the FAC does not allege an enforceable contract

exists. ER04-05. The Order asserts that the FAC only alleged that Appellant's three trial modification payments were made solely to establish this potential eligibility for a loan modification and that Appellant failed to accept the March 2025 modification. 1-ER-05-06.

Appellant submits the FAC specifically alleges facts to demonstrate an implied-in-fact contract exists. An implied-in-fact contract is a "true contract that arises from the tacit agreement of the parties. *Certified Fire Prot. Inc. v. Precision Constr., Inc.*, 128 Nev 371, 379, 283 P.3d 250, 256 (Nev. 2012) (quotes omitted). To find an implied-in-fact contract, the parties must have intended to contract with exchanged promises, and the general obligations must be sufficiently clear. *Id at* 128 Nev 379-380, 283 P. 3d at 256. An implied-in-fact contract is manifested by conduct. *Id.*

Here, the district court's order construes the lack of a signed permanent modification as fatal to the FAC's contractual claims. However, as detailed in the FAC, UHM was "running the final numbers" in December 2024 to offer Appellant a loan modification. 2-ER-209. UHM sent a permanent modification to Appellant. 2-ER-253-270. Despite the confusion detailing the circumstances of what occurred between December 2024 and March 2025, Appellant performs the modification by making a payment pursuant to this modification agreement to UHM. 2-ER-211. UHM accepted this payment.

Upon receiving this payment, UHM credits the payment to the wrong month and immediately service releases the Loan to SN Servicing. 2-ER-211. Instead of moving forward with the modification, SN Servicing denies the modification exists and instead demands $43,409.49 from Appellant when Appellant's monthly mortgage payment on the Loan has always been around $2,000.00. 2-ER-211-212.

These allegations meet the criteria of an implied-in-fact contract between Appellant and UHM. The conduct of both parties demonstrate a clear meeting of the minds – to modify the Loan obligations so that Appellant can begin making payments. Promises were exchanged and the parties acted on them, with Appellant making a payment to UHM under the modification even though it was not signed. The general obligations of both parties are clear when the record provides the document by which the parties intended to execute. 2-ER-253-270.

A host of other arguments relating to these contractual claims (i.e., anticipatory repudiation, statute of frauds, and lack of consideration) were raised in the underlying district court. 2-ER-127-208. The district court did not consider any of these arguments but only stated that a contract does not exist. Appellant respectfully disagrees and submits the FAC demonstrates an implied in fact agreement exists between the parties.

Accordingly, the breach of contract and breach of implied covenant of good faith and fair dealing should not have been dismissed with prejudice.

### C. Negligent Misrepresentation is Sufficiently Pled

The district court's order dismissed Appellant's negligent misrepresentation claim relies on the *Cundiff v. Dollar Loan Center,* 726 F. Supp 2d 1232 (D. of Nev. 2010) case to assert that future performance cannot form the basis for negligent misrepresentation. 1-ER-8. However, the *Cundiff* case is a labor law case involving an employer who allegedly promised future employment to a former employee. Here, UHM was contractually obligated to modify the Loan for Appellant due to the existence of an implied in fact contract between the parties. By its own negligence between December 2025 and April 2025, UHM was unable to perform these obligations despite taking actions to attempt to perform. The circumstances alleged herein are not misrepresentations of future performance; UHM instead breached its common law duty to act reasonably given the circumstances.

Furthermore, even if the Court finds that the modification obligations are promises of future performance, the FAC does not only allege future performance of obligations as the basis for the negligent misrepresentation claim. First, the FAC alleges that in December 2024 UHM represented to Appellant that they were "running the final numbers" for the modification. 2-ER-209. As set forth herein, a modification was not received until March 2025 (2-ER-253-270), and by that time Appellant had fallen even further behind on his Loan obligations. Second, in

late January 2025, UHM advised Appellant that there is a new servicer of the Loan as of February 18, 2025. As set forth in the FAC, the Loan was not service released on until May 6, 2025. 2-ER-211. Third, after advising Appellant of the service transfer in February 2025 that never occurred, UHM advised Appellant in writing that "the new servicer will honor your modification and get the modification documents prepared." 2-ER-209. SN Servicing, the new servicer, disavowed a modification even existed. 2-ER-211.

These negligent misrepresentations are not promises of future performance. These misrepresentations, whether intentional or negligent, were false, made with an intend for Appellant to rely on them and has caused Appellant damages.

Accordingly, the negligent misrepresentation claim should not have been dismissed with prejudice.

**D. <u>A Contract Does not Need to Exist to Assert a Claim for Promissory Estoppel</u>**

The district court denied the promissory estoppel claim by relying on the case of *Lalli v. Bank of America, N.A.,* 2014 WL 334810 (D. Nev. 2014); i.e., a promissory estoppel claim cannot be maintained based on promises of a loan modification.

This case is distinguishable. In *Lalli,* the plaintiffs / appellants alleged that after paying the three trial payments, they had questions about the permanent modification and did not sign it. Months passed and the defendant banks in that

case initiated an unlawful detainer action. The loan modification was never agreed upon, signed or executed after months of failed talks. *See Lalli* at *1; ER8.

Here, Appellant did not simply have questions about a modification and therefore failed to sign it over many months. As alleged in the FAC, UHM failed for many months to even provide Appellant with the permanent modification (promised in December 2024, provided in early April 2025 and dated March 2025). 2-ER-253-270. Upon receipt of this modification, Appellant made a payment under the permanent modification before signing it. 2-ER-211. Immediately or within a few days after UHM received this payment under the modification, UHM service released the Loan to Defendant SN Servicing who thereafter disavowed the modification even exists 2-ER-211-212. This was despite the fact that in February 2025, months prior, UHM had informed Appellant that his Loan was service released to another party without identifying the servicer, only to then claim that UHM actually remained the servicer. 2-ER-209.

Accordingly, the facts herein are distinguishable from *Lalli*. In *Lalli*, there was a clear failure to agree to a modification. Here, despite these various issues between December 2024-April 2025, Appellant made a payment to UHM on the modification and UHM accepted said payment without a signed modification. The modification could not thereafter be signed when UHM immediately service releases the Loan to SN Servicing, who then disavows the modification exists.

Appellant submits that based on these facts asserted in the FAC, all of the elements to assert a promissory estoppel claim are present. Specifically, as an alternative to a breach of contract claim, UHM promised Appellant a modification, took actions to deliver on that promise but ultimately failed to perform. Appellant detrimentally relied on UHM and now is in a position of losing his home because the new servicer, Defendant SN Servicing, has disavowed that any modification existed between Appellant and UHM. If no modification exists (i.e., no enforceable contract), then promissory estoppel is the alternative remedy.

### E. <u>Leave to Amend Should Be Granted</u>

Appellant submits that based on the record, Appellant demonstrated that an amendment would not be an exercise in futility as to require the district court to grant the motion to dismiss with prejudice. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir.1998). Furthermore, although the operative pleading at issue is a FAC, it was filed two days after the initial complaint was filed ER 276-329, ER209-273.

Appellant therefore submits that even if the Court herein finds that dismissal of all claims were proper, leave to amend should have been granted based on the record set forth herein.

**CONCLUSION**

For the reasons set forth herein should be reversed and remanded for proceedings consistent with the decision in this action.

DATED: October 13, 2026 ANDREW BAO & ASSOCIATES

By:/s/ *Andrew A. Bao*

Andrew A. Bao, Esq.
Nevada Bar No. 10508
8020 S. Rainbow Blvd., 100-163
Las Vegas, NV. 89139
Attorneys for Appellant

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure because it contains 3004 words, excluding the parts of the brief exempted by Rule 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2013 in 14-point Times New Roman font.

Dated: October 13, 2026

*/s/ Andrew A. Bao*

ANDREW A. BAO, ESQ. (SBN 10508)
6757 Spencer St.
Las Vegas, NV 89119
Phone: (702) 476-0100
*Attorneys for Appellant Dakota Delance*

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to the Ninth Circuit Court of Appeals written instructions received on October 9, 2026, I electronically submitted this brief and the revised excerpts of record (Volumes 1-3, ER001-337) to efilerhelp@ca9.uscourts.gov via email on October 13, 2026, with the understanding that the Court will update the entry and resend notice to electronic case participants.

DATED: October 13, 2026 ANDREW BAO & ASSOCIATES

By:/s/ *Andrew A. Bao*

Andrew A. Bao, Esq.
Nevada Bar No. 10508
8020 S. Rainbow Blvd., 100-
163
Las Vegas, NV. 89139
Attorneys for Plaintiff